N.R. SMITH, Circuit Judge,
concurring in part and dissenting in part:
The majority almost got it right, but it bent over backwards too far in trying to preserve Ross’s retaliation claim against Horton and Bennett. I would affirm the district court’s dismissal in all regards.
Ross alleges that (1) the defendants removed him from his privileged housing (2) because (3) Ross filed grievances against medical staff, and that such action (4) caused Ross to be moved out of Complex 1 and placed in a threatening situation, which ultimately resulted in him being placed in disciplinary segregation and losing privileges, and (5) for no reason other than to retaliate. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2004). The defendants produced affidavits and evidence to show that Horton and Bennett were unaware of Ross’s grievances against medical. The defendants also produced evidence that Horton understood Ross was “removed from honor housing due to several complaints regarding the HVAC system and that it was affecting his sinuses.” Ross has presented nothing to contradict this evidence.
Ross claims only that (1) when he went to visit Horton in Complex 3, Horton was “already aware” Ross had been transferred, and (2) Bennett told Ross he had been moved for complaining. Even if true, these allegations show only that Horton and Bennett knew Ross had been transferred out of Complex 1 into Complex 3 and that Horton and Bennett understood Ross had been moved for complaining about the HVAC system. Ross has presented no evidence to support his retaliation claim that Horton and Bennett transferred him out of Complex 1 because he filed grievances against the medical staff.
The majority disregards Ross’s retaliation claim about the transfer and instead construes Ross’s claim 3 (failure to protect) as a retaliation claim. It then determines that — because Ross claims (1) Bennett called him a complainer, (2) Ross reported perceived threats to Horton and Bennett, and (3) Horton and Bennett ordered Ross to cell-in despite the threats — Ross has presented a “colorable retaliation claim.” However, Ross never asserts that Horton and Bennett retaliated against him by ordering him to cell-in with an inmate who allegedly threatened him. Even if Ross had made those assertions, the claim would have been properly dismissed, because Ross presented no evi *729 dence to suggest Horton or Bennett knew about Ross’s complaints against the medical staff. Although we must interpret pro se complaints liberally, we may not manufacture claims never alleged by Ross and support them with hypotheses rather than evidence.